[No. 11303.    Department Two. — May 14, 1888.]

## JOHN TIVNEN, APPELLANT, v. PATRICK MONAHAN, RESPONDENT.

FORCIBLE DETAINER—ENTRY DURING ABSENCE OF OCCUPANT—DEMAND FOR SURRENDER. — An occupant of land which has been unlawfully entered upon by another during his temporary absence cannot maintain an action of forcible detainer against the intruder without first making the demand for its surrender required by subdivision 2 of section 1160 of the Code of Civil Procedure.

ID. — FORCIBLE ENTRY — SCRAMBLING POSSESSION. — One who has never had the actual peaceable possession of a building, and whose only possession has been a scrambling one, cannot maintain an action for a forcible entry, under subdivision 1 of section 1159 of the Code of Civil Procedure.

EVIDENCE — IMMATERIAL ERROR. — The admission of irrelevant and immaterial evidence which is without prejudice is not a reversible error.

APPEAL from a judgment of the Superior Court of Sonoma County, and from an order refusing a new trial.

The facts are stated in the opinion.

*Rutledge & McConnell*, for Appellant.

*G. A. Johnson*, for Respondent.

BELCHER, C. C. — Action for forcible entry and de-
tainer. The complaint contains two counts. In the
first, it is alleged that the plaintiff was in the actual pos-
session of a certain building, and that on or about the
sixteenth day of February, 1884, the defendant, with
force and violence and with strong hand, broke and en-
tered into the building, and took, and has ever since
held, possession thereof. In the second, it is alleged
that the plaintiff was, and for more than five days had
been, in the peaceable and actual possession of the lot on
which the building before mentioned stood, and that
during his temporary absence therefrom the defendant
unlawfully entered upon and took possession of the
premises, and after demand made by plaintiff for the
surrender thereof, refused for the period of more than
five days, and still refuses, to surrender the same.

The case was tried by the court without a jury, and
among other things, the court found that for more than
five years the defendant had claimed in good faith to be
the owner of the premises in controversy, and for him-
self, and as the duly appointed guardian of his minor
daughter, to whom he conveyed the property in March,
1882, had exercised acts of dominion over the same;
that plaintiff was never in the peaceable possession of
the premises; that plaintiff claimed to be the owner of
the premises, but had never been in possession or occu-
pation of any portion thereof, except a building which a
tenant of defendant erected thereon and sold to plaintiff
in December, 1883, without the knowledge of defendant,
and into which plaintiff placed his buggy and then
caused the same to be locked up; that defendant did not
with force or violence, or with strong hand, or unlaw-
fully, enter upon or break into the building or premises;
that defendant did not at any time receive any written
or other notice or demand from plaintiff to deliver up to
him the possession of the said premises, but did receive
a notice to remove from and deliver up to plaintiff the

possession of the said building, which he refused to do; and that plaintiff had sustained no damage.

Upon the findings judgment was entered in favor of the defendant, and the appeal is from that judgment and an order denying a new trial.

It will be observed that the first cause of action set out in the complaint is for a forcible entry into a house under subdivision 1 of section 1159 of the Code of Civil Procedure, and the second cause of action is for a forcible detainer of real property under subdivision 2 of section 1160 of the same code.

The last-named section provides that every person is guilty of a forcible detainer, — "2. Who, in the night-time, or during the absence of the occupant of any lands, unlawfully enters upon real property, and who, after demand made for the surrender thereof, for the period of five days refuses to surrender the same to such former occupant."

The finding that plaintiff did not at any time make demand that defendant surrender up to him possession of the real property involved in the second count is not assailed. But such a demand was necessary in order to constitute a cause of action. We may therefore omit any further consideration of this part of the plaintiff's case.

It is claimed that the findings "that plaintiff was never in the peaceable possession of the premises," and "that defendant did not, with force or violence, or with strong hand, enter upon or break into said building or premises," were not justified by the evidence. We think the evidence quite sufficient to justify these findings. At most, the plaintiff's possession was a scrambling one. He had no actual peaceable possession of the building or lot. And the testimony wholly failed to show that defendant broke or entered into the property with force, violence, or strong hand.

In the progress of the trial the defendant offered

evidence a deed from himself to his daughter, dated March 8, 1882, conveying the lot in controversy. The plaintiff objected to the deed being received in evidence, on the ground that it was irrelevant and immaterial. The court overruled the objection, and the plaintiff reserved an exception.

If we admit that the ruling was erroneous, the appellant will in no way be aided. In view of the findings the error was entirely harmless. And the rule is, that for harmless and immaterial errors judgments are never reserved.

There are no other points requiring consideration, and we therefore advise that the judgment and order be affirmed.

HAYNE, C., and FOOTE, C., concurred.

The COURT.— For reasons given in the foregoing opinion, the judgment and order are affirmed.